**Walter J. LAWRENCE, Plaintiff–Appellant,**

v.

**Carol A. ANTONUCCI, et al., Defendants–Appellees.**

**Docket No. 05–1627–CV.**

United States Court of Appeals, Second Circuit.

Sept. 27, 2005.

Walter J. Lawrence, Oscala, Fl, for Appellant, pro se.

John J. Gilmour, Assistant Corporation Counsel, Niagara Falls, NY, for Appellees.

Present: WINTER, SOTOMAYOR, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

Walter Lawrence, *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint for failure to state a claim. We assume the parties' familiarity with the facts of the case, its relevant procedural history, and the issues on appeal.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim and take all factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000).

In his complaint, Lawrence claims that defendants deprived him of his property interest in certain documents, and due process of law, by refusing to honor his request for documents under New York's Freedom of Information Law ("FOIL"). Where a state employee intentionally, and without authority, deprives an individual of property, a procedural due process violation exists only if the state fails to provide the litigant with a meaningful post-deprivation remedy. *See Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir.1996). A proceeding under Article 78 of New

York's Civil Practice Law and Rules ("Article 78") is adequate for due process purposes, even though a litigant cannot recover the same relief he or she may been able to recover in a § 1983 action. *Id.* at 881. Further, although Lawrence is correct in his assertion that litigants are generally not required to file an Article 78 proceeding before suing under § 1983, an Article 78 proceeding in this matter is not part of an exhaustion requirement, but is, for purposes of the federal Due Process Clause, the process available to Lawrence for a violation of FOIL. Accordingly, Lawrence failed to state a claim under § 1983 and the district court correctly dismissed the complaint on this ground.

Because the district court did not impose sanctions on Lawrence, there is no claim ripe for review that the district court erred in warning Lawrence that he will be subject to sanctions if he files another complaint against Niagara Falls, or any of its employees, in relation to his FOIL request. *See Abbot Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). More than adequate evidence exists in the record to support the district court's conclusion that Lawrence's filing of another complaint relating to his FOIL request would warrant the imposition of sanctions, as such an action would be taken "in bad faith." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), *superceded by statute on other grounds,* Civil Rights Attorney's Fees Awards Act of 1976, Pub. L. No. 94–559, § 2, 90 Stat. 2641, 42 U.S.C. § 1988(b).

We have reviewed Lawrence's other claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.